**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

UNITED STATES OF AMERICA,

      CASE NO. 11-CV-14499

   *Plaintiff/Counter-Defendant*,

      DISTRICT JUDGE THOMAS L. LUDINGTON

v.      MAGISTRATE JUDGE CHARLES E. BINDER

GEORGIA D. MANZIE,

   *Defendant/Counter-Plaintiff*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RECOMMENDING *SUA SPONTE* TRANSFER OF VENUE**

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that venue be transferred to the United States District Court for the Eastern District of Michigan, Southern Division.

**II.**    **REPORT**

   **A.**    **Introduction and Background**

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general case management pursuant to 28 U.S.C. § 636(b). (Doc. 7.)

On October 12, 2011, Plaintiff/Counter-Defendant United States of America filed this lawsuit seeking to collect a debt owed by Defendant/Counter-Plaintiff to the United States. (Doc. 1 at 4.) The debt was incurred pursuant to the Michigan Direct Student Loan Program. (*Id.*) A Certificate of Indebtedness issued on June 13, 2011, noted that Defendant/Counter-Plaintiff

resided in Saginaw, Michigan. (*Id.*) The Complaint also states that Defendant/Counter-Plaintiff resides in Saginaw County. (Doc. 1 at 1.)

However, the Complaint goes on to indicate that Defendant/Counter-Plaintiff's address, for purposes of service of process, is 7800 E. Jefferson Ave., Detroit, MI 48214-3713. (*Id.*) Defendant/Counter-Plaintiff's Answer and counterclaims, filed February 14, 2012, also indicates that Defendant/Counter-Plaintiff resides at 7800 E. Jefferson Ave., Detroit, MI 48214-3713. (Doc. 5 at 2.) Thus, Defendant/Counter-Plaintiff "asserts that venue is properly vested in this Court's Southern Division," that counsel was seeking a stipulation from Plaintiff/Counter-Defendant's counsel to transfer venue to the Southern Division, and that if a stipulation could not be reached, Defendant would file a motion for transfer of venue. (Doc. 5 at 2.) To date, no further documents have been filed.

**B.      Analysis & Conclusion**

The proper venue for civil actions in which jurisdiction for the federal court is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

The federal statute governing change of venue provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a). The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the

convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

Venue may be transferred *sua sponte* for convenience of the parties and witnesses. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *Flynn v. Greg Anthony Const. Co., Inc.*, 95 Fed. App'x 726, 738 (6th Cir. 2003); *Sadlighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

In the instant case, Defendant/Counter-Plaintiff resides in Detroit, Wayne County, Michigan, which is located within the geographical boundaries of the Southern Division of the Eastern District of Michigan. 28 U.S.C. § 102(a)(1). Plaintiff/Counter-Defendant's counsel's office is also located within the metropolitan Detroit area of Michigan, i.e., Southfield, Michigan. At the time the debt was incurred, Defendant/Counter-Plaintiff resided at a different address in Detroit, Michigan. (Doc. 1 at 6.) I therefore conclude that venue in the Southern Division of the Eastern District of Michigan is more convenient for all parties and more appropriate for trial efficiency and the interests of justice.

Accordingly, I suggest that venue be transferred to the Southern Division of the United States District Court for the Eastern District of Michigan.

**III.   REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: February 23, 2012               United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Jeffrey Poeszat, served by first class mail on Georgia Manzie, 7800 E. Jefferson, Apt. 218, Detroit, MI, 48214-3713; and served on District Judge Ludington in the traditional manner.

Date:  February 23, 2012              By     s/*Jean L. Broucek*
                                                   Case Manager to Magistrate Judge Binder