UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff/Counter-Defendant,

v.

GEORGIA D. MANZIE,

Defendant/Counter-Plaintiff.
_____/

Case No. 11-14499

Honorable Thomas L. Ludington

Case: 1:11-cv-14499
Assigned To : Tarnow, Arthur J.
Referral Judge: Grand, David R.

## ORDER ADOPTING REPORT AND RECOMMENDATION, TRANSFERRING CASE TO THE SOUTHERN DIVISION AND DENYING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE AS MOOT

United States Magistrate Judge Charles E. Binder issued a report and recommendation (ECF No. 8) on January 23, 2012, recommending that the venue of this case be transferred to the United States District Court for the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a). 28 U.S.C. § 1391(b) provides that proper venue for civil actions in which jurisdiction for the federal court is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1404(a) is the federal statute governing change of venue, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought."

On October 12, 2011, Plaintiff/Counter-Defendant United States of America filed a complaint seeking to collect a debt owed by Defendant/Counter-Plaintiff Georgia Manzie to the United States. ECF No. 1 at 4. The debt was incurred pursuant to the Michigan Direct Student Loan Program. *Id.* A Certificate of Indebtedness issued on June 13, 2011, noted that Manzie resided in Saginaw, Michigan. *Id.* The Complaint also states that Manzie resides in Saginaw County. However, the Complaint indicates that Manzie's address, for purposes of service of process, is 7800 E. Jefferson Ave., Detroit, MI 48214-3713.[1] *Id.* Manzie's Answer and counterclaims, filed February 14, 2012, also indicates that she resides at that address. ECF No. 5 at 2. Thus, Manzie "asserts that venue is properly vested in this Court's Southern Division," that counsel was seeking a stipulation from the United States' counsel to transfer venue to the Southern Division, and that if a stipulation could not be reached, Defendant would file a motion for transfer of venue. No additional documents have been filed. Judge Binder's report and recommendation concludes that venue in the Southern Division of the Eastern District of Michigan is more convenient for all parties and more appropriate for trial efficiency and the interests of justice pursuant to § 1404(a).

Although this Court does not disagree with Judge Binder that § 1404(a) might provide an adequate basis for transfer of venue, whether transfer pursuant to § 1404(a) is appropriate need not be resolved because Local Rule 83.10(b)(3) and (6), together with 28 U.S.C. § 1404(b) establish the Southern Division as the correct assignment for the case. Local Rule 83.10(b)(3) provides that a civil case shall be assigned to a placing of holding court in the Eastern District of Michigan based on the county in which the Plaintiff resides. Because the United States does not have a fixed county

---

[1] The city of Detroit is in Wayne County, Michigan, is located within the geographical boundaries of the Southern Division of the Eastern District of Michigan. 28 U.S.C. § 102(a)(1).

of residence, the Court looks to Local Rule 83.10(b)(6), the next applicable subsection in resolving the appropriate place of holding court. Local Rule 83.10(b)(6) provides that the place of holding court should be determined based on the county in which a defendant resides or has a place of business which, in this case, is Wayne County in the Southern Division of the Eastern District of Michigan. Moreover, § 1404(b) provides that a case may be transferred, in the discretion of the court, from the division in which it is pending to any other division in the same district.

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* Where, as here, neither party objects to the report, the district court is not obligated to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation (ECF No. 8) is **ADOPTED**.

It is further **ORDERED** that the case be **TRANSFERRED** to the Southern Division of the Eastern District of Michigan for random reassignment pursuant to Local Rule 83.11(a)(1).

It is further **ORDERED** that the United States' motion for alternate service (ECF No. 3) is **DENIED AS MOOT** because service on Manzie was effected on January 22, 2012.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: March 22, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Georgia Manzie, 7800 East Jefferson Avenue, Apartment 218, Detroit, Michigan 48214-3713 by first class U.S. mail on March 22, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS